UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAREN HERSEY,

    Plaintiff,

v.                                          CASE NO.  3:17-cv-804-J-32JBT

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant Allstate Fire and Casualty Insurance Company's Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. 3) and Plaintiff's Response thereto (Doc. 10).  The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 13.)  The Complaint and Demand for Jury Trial ("Complaint") (Doc. 2) sets forth one count for contractual uninsured motorist ("UM") benefits (Count I) and one count for statutory bad faith damages (Count II).  For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**GRANTED** to the extent that: **Count I** be **DISMISSED without prejudice** to filing an amended complaint that omits the allegations sounding in breach of contract and declaratory relief; **Count II** be **DISMISSED without prejudice** to refiling in a separate action, if appropriate, after the UM benefits claim is resolved; and Plaintiff be given fourteen days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith.

## I. Background

Plaintiff alleges that on or about December 19, 2013 she was in a motor vehicle accident with an uninsured or underinsured motorist. (Doc. 2 at 2.) As a result of the accident, Plaintiff suffered "serious and permanent injuries." (*Id.*) At the time of the accident, Plaintiff had an insurance policy issued by Defendant, which included UM coverage up to $100,000. (*Id.*) Plaintiff also alleges that Defendant "is obligated to provide the Plaintiff . . . with [UM] benefits under the terms of the automobile policy[,]" that Defendant "has failed to honor its above-referenced contract of insurance with Plaintiff . . .[,] and has failed to acknowledge or settle the Plaintiff's claim for benefits for the policy of insurance for which is now due and remains unpaid, all to the damage of the Plaintiff . . . ." (*Id.* at 3.)

## II. Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the Complaint sets forth sufficient factual allegations to establish a claim upon which relief can be granted. In evaluating whether Plaintiff has stated a claim, the Court must determine whether the Complaint satisfies Federal Rule of Civil

Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). Although the Court must accept well-pled facts as true, it is not required to accept Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Sinaltrainal*, 578 F.3d at 1260 (stating that in evaluating the sufficiency of a plaintiff's pleadings, a court is "not required to draw plaintiff's inference") (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

### III. Analysis

The undersigned recommends that Count I be dismissed without prejudice to Plaintiff filing an amended complaint that omits the breach of contract and declaratory relief allegations from her UM benefits claim. As explained further below, these allegations are irrelevant to Plaintiff's claim for UM benefits and they confuse Plaintiff's basis for recovery. In addition, the undersigned recommends that the bad faith claim in Count II be dismissed without prejudice to refiling in a separate action if and when that claim becomes ripe.

#### A. Count I – UM Benefits Claim

Under Florida law, "an injured insured may bring a direct action against her own UM carrier without having first resolved a claim against the tortfeasor."[2] *Neff v. Prop. & Cas. Ins. Co. of Hartford*, 133 So. 3d 530, 532 (Fla. Dist. Ct. App. 2013). In such a case, "the insured's UM carrier stands in the shoes of the uninsured motorist." *Diaz-Hernandez v. State Farm Fire & Cas. Co.*, 19 So. 3d 996, 999 (Fla. Dist. Ct. App. 2009). Thus, a claim for UM benefits against the insurer "is not an action for the breach of a contract of insurance. An action to recover UM benefits is based on a contract, but it has its underpinnings in tort liability." *Mercury Ins. Co. of Fla. v. Moreta*, 957 So. 2d 1242, 1251 (Fla. Dist. Ct. App. 2007) (internal citations and quotation marks omitted). *See also Woodall v. Travelers Indem. Co.*,

---

[2] In this diversity case, Florida substantive law applies. *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

699 So. 2d 1361, 1363 n.5 (Fla. 1997) (stating that a claim for UM benefits is not a breach of contract action because it "is predicated upon the cause of action against the tortfeasor"); *Geico Gen. Ins. Co. v. Graci*, 849 So. 2d 1196, 1199 (Fla. Dist. Ct. App. 2003) ("[The plaintiff's] action against [the insurer] . . . is an action filed pursuant to the contract.  A cursory examination reveals that it is for the purpose of having a determination made of the amount of compensatory damages, if any, to which [the plaintiff] is entitled under the policy.  The gravamen of the action, therefore, is the same as that which the insured has against the underinsured third party tortfeasor for damages for bodily injuries.").

Count I of the Complaint is titled "UM Claim," but it contains allegations sounding in breach of contract.  Specifically, in paragraph 14, Plaintiff alleges that Defendant "is obligated to provide the Plaintiff . . . with uninsured/underinsured motorist benefits under the terms of the automobile policy."  (Doc. 2 at 3.)  In paragraph 15, Plaintiff asserts that Defendant "has failed to honor its above-referenced contract of insurance with Plaintiff . . . and has failed to acknowledge or settle the Plaintiff's claim for benefits for the policy of insurance for which is now due and remains unpaid, all to the damage of the Plaintiff . . . ."  (*Id.*)  In her Response, Plaintiff states that she is not attempting to assert a breach of contract action.  (*See* Doc. 10 at 3.)  Plaintiff concedes that the allegations contained in paragraph 15 are not necessary to plead a claim for UM benefits, but argues that the allegations contained in paragraph 14 are.  (*Id.*)

5

To recover UM benefits from an insurer, the "insured" must be "legally entitled to recover"[3] damages due to the tortfeasor's "ownership, maintenance, or use" of an "uninsured motor vehicle."[4] Fla. Stat. § 627.727(1); *Woodard v. Pa. Nat. Mut. Ins. Co.,* 534 So. 2d 716, 718 (Fla. Dist. Ct. App. 1988) ("The law of Florida is well established that [u]nder every [UM] policy issued in Florida, an insured is entitled to [UM] benefits where (1) he has been injured by an uninsured motor vehicle and (2) he is legally entitled to recover from the operator of the uninsured motor vehicle.") (internal citations and quotation marks omitted). Thus, the allegations contained in paragraphs 14 and 15 are not relevant to Plaintiff's UM benefits claim and they confuse Plaintiff's theory of recovery. *See generally State Farm Mut. Auto. Ins. Co. v. Revuelta*, 901 So. 2d 377, 379 (Fla. Dist. Ct. App. 2005) ("The issue here was driver negligence, not bad faith for failing to pay the Revueltas' uninsured benefits. Length of time paying premiums has no relevance to driver negligence."). Indeed, whether Defendant is obligated to provide Plaintiff with UM benefits has yet to be decided. *See Graci*, 849 So. 2d at 1199 ("An

---

[3] "The plain meaning of the requirement would appear to be that the insured must have a claim against the tortfeasor which could be reduced to judgment in a court of law." *Allstate Ins. Co. v. Boynton*, 486 So. 2d 552, 553–55 (Fla. 1986) (holding "that the phrase 'legally entitled to recover' in the context of section 627.727(1) does not encompass claims where the uninsured tortfeasor is immune from liability because of the Workers' Compensation Law").

[4] In making a "claim against [her] UM carrier instead of suing the tortfeasor," the insured "has a policy prerequisite, namely, proof that the tortfeasor is uninsured." *Boynton*, 486 So. 2d at 557. *See also Neff*, 133 So. 3d at 533 (stating that the insured may bring a direct action against her UM carrier but she must "show that she is entitled to UM coverage based on the fact that her damages exceed the amount available to her under the tortfeasor's liability policy.")

6

insurer's refusal to meet an insured's demand for payment under a policy is not a breach if no payment is then due.").

Additionally, Plaintiff's request in paragraph 12 that the Court "determine that she is entitled to said [UM] coverage pursuant to Florida Statute 627.727 . . . in the event [Defendant] denies the same" appears to be a request for declaratory relief. However, the Complaint does not set forth a separate count for a declaratory judgment, Plaintiff does not request declaratory relief in her demand for relief, and Plaintiff states in her Response that paragraph 12 "is not an attempt to bring an action for declaratory judgment."[5]  (Doc. 10 at 4.)  Thus, the allegations in paragraph 12 also appear inapposite.

In short, because of Plaintiff's inapposite and confusing allegations in paragraphs 12, 14, and 15, it is unclear from the Complaint exactly what cause of action Plaintiff is attempting to set forth. As pled, Count I does not put Defendant "on notice as to the nature of the claim against [it] and the relief sought." *Twombly*, 550 U.S. at 544. Accordingly, the undersigned recommends that Count I be dismissed without prejudice to filing an amended complaint that omits the breach

---

[5] Plaintiff argues that "paragraph 12 is nothing more or less than a simple allegation that that [sic] the Defendant insured the Plaintiff under a UM policy with limits of $100,000. The Plaintiff cannot state a cause of action for UM benefits without alleging that she is covered by a policy of UM insurance." (Doc. 10 at 4.) However, Plaintiff can allege that she was insured by Defendant's UM policy up to $100,000 without also asking "the Court to determine that she is entitled to said coverage . . . ." (Doc. 2 at 3.)

7

of contract and declaratory relief allegations.[6] *See Mann v. Taylor*, Case No. 5:15-cv-7-RS-GRJ, 2015 WL 500803, at *2 (N.D. Fla. Feb. 5, 2015) (dismissing without prejudice UM benefits claim where it was "ambiguous whether [the plaintiff] [was] attempting to assert a claim 'pursuant to' the contract for a determination of entitlement to and amount of damages, or a claim for breach of contract for failure to pay benefits which it is currently owed, or both"); *Boston v. Allstate Prop. & Cas. Ins. Co.*, Case No.15-CIV-20962, 2015 WL 13134478, at *2 (S.D. Fla. July 9, 2015) ("Plaintiff's breach of contract claim would still be subject to dismissal because UM benefits claims may not be asserted as breach of contract claims.").

### B.   Count II – Statutory Bad Faith Claim

The parties agree that Plaintiff's first party bad faith claim is premature. (*See* Doc. 3 at 10 & Doc. 10 at 4.)  *See also Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) ("[A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith . . . can accrue.").  However, they do not agree on how the Court should handle the premature claim.  Defendant seeks dismissal without prejudice, arguing that the Court lacks subject matter

---

[6] Defendant alternatively requests that paragraphs 12, 14, and 15 be stricken from the Complaint. (Doc. 3 at 9.) The undersigned has considered this alternative. However, given the number of paragraphs at issue, Plaintiff's obligation to set forth a well-pled claim, and the confusing nature of the allegations, the undersigned recommends that, even though the Court could strike these allegations, dismissal is preferred.

8

jurisdiction over the claim.[7]  (Doc. 3 at 11–12.)  Plaintiff argues the Court should abate the bad faith claim pending disposition of the UM benefits claim in the interest of judicial economy.  (Doc. 10 at 4–7.)

Florida law permits either dismissal without prejudice or abatement.  *See Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1230 (Fla. 2016) ("We reaffirm that our decision in [*Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005)] made clear that abatement is an appropriate procedural device."); *Landmark Am. Ins. Co. v. Studio Imports, Ltd.*, 76 So. 3d 963, 964–65 (Fla. Dist. Ct. App. 2011) ("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved."); *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 635–36 (Fla. Dist. Ct. App. 2008) ("When a plaintiff does not and cannot allege that there has been a final determination of both the insurer's liability and the amount of damages owed by the insurer, the plaintiff's bad faith claim is premature and should be either dismissed without prejudice or abated.").

Courts in the Middle District of Florida have done both.  *Compare Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1271 (M.D. Fla. 2014) ("Because abatement offers at least the possibility of increased judicial efficiency

---

[7] Defendant also argues that Count II should be dismissed because it fails to set forth a short and plain statement of the claim showing entitlement to relief, and because Plaintiff's civil remedy notice (Doc. 10-3) lacks the specificity required by section 624.155(3)(b), Florida Statutes.  (Doc. 3 at 16–20.)  However, the undersigned recommends that the Court need not consider these arguments at this time as Count II is due to be dismissed without prejudice.

for those bad faith claims that do become ripe, Count II will be abated rather than dismissed.") with *Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015) ("A plaintiff who has an as-yet unresolved claim for UM benefits it not 'entitled to relief' on its claim for bad-faith. Fed. R. Civ. P. 8(a)(2)."). "Ultimately, the decision of whether to abate or dismiss without prejudice rests in the sound discretion of the Court." *Id.*

The undersigned recommends dismissal without prejudice over abatement. As District Judge Paul G. Byron stated in *Bele*:

> [I]n the Court's view, abating the bad-faith claim, even if it may be in the interest of judicial economy, is not the proper route. Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil Procedure. A plaintiff who has an as-yet unresolved claim for UM benefits it not "entitled to relief" on its claim for bad-faith. Fed. R. Civ. P. 8(a)(2). Moreover, depending on the outcome of the UM claim, a plaintiff may never be entitled to relief on his or her bad-faith claim. Thus, it is this Court's position that until a bad-faith claim has a factual basis to support it—*i.e.*, the plaintiff's claim for UM benefits has been resolved in the plaintiff's favor—such claim is prematurely brought.

126 F. Supp. 3d at 1296. *See also Shvartsman v. GEICO Gen. Ins. Co.*, Case No. 6:17-cv-437-Orl-28KRS, 2017 WL 2734083, at *1 (M.D. Fla. June 23, 2017) ("Because Plaintiffs' bad faith claim is indisputably not ripe for adjudication, the Court will dismiss the claim without prejudice to Plaintiffs' right to refile the claim after their UM contract claim is resolved."); *Ralston v. LM Gen. Ins. Co.*, Case No. 6:16-cv-1723-Orl-37DCI, 2016 WL 6623728, at *3 (M.D. Fla. Nov. 9, 2016) ("Where, as here, the Plaintiff cannot [properly plead standing and ripeness], this

Court is required to dismiss the unripe claim—not abate or stay.").[8]  Accordingly, the undersigned recommends that the Motion be granted as to Count II and that the Court dismiss Plaintiff's bad faith claim without prejudice to refiling in a separate action at an appropriate time.

### IV.     Conclusion

For the aforementioned reasons, it is respectfully **RECOMMENDED** that the Motion (**Doc. 3**) be **GRANTED** to the extent that:

1.     **Count I** be **DISMISSED without prejudice** to filing an amended complaint that omits the allegations sounding in breach of contract and declaratory relief;

2.     **Count II** be **DISMISSED without prejudice** to refiling in a separate action, if appropriate, after the UM claim is resolved; and

3.     Plaintiff be given fourteen days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith.

**DONE AND ENTERED** at Jacksonville, Florida, on November 2, 2017.

_____
JOEL B. TOOMEY
United States Magistrate Judge

---

[8] Plaintiff relies on a prior decision by District Judge Roy B. Dalton, Jr. where he chose to abate the plaintiff's premature bad faith claim in part because "the state of the law on excess UM benefits verdicts has not fully crystalized." *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, Case No. 6:14-cv-1157-Orl-37GJK, 2014 WL 6674458, at *3 (M.D. Fla. Nov. 24, 2014).  However, in his later decision in *Ralston*, Judge Dalton dismissed the bad faith claim in light of the Florida Supreme Court's resolution of the aforementioned damages uncertainty.  2016 WL 6623728, at *2 n.4.

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record